### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAFRON HUOT, <br><br> Plaintiff, <br><br> v. <br><br> MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES et al., <br><br> Defendants. | **REPORT AND RECOMMENDATION** <br><br> Case No.  2:17-cv-00773-CW-EJF <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Evelyn J. Furse |

On July 13, 2017, pro se Plaintiff Safron Huot, proceeding in forma pauperis, filed the Complaint in this matter.[1]  The Complaint fails to establish the Court's subject matter jurisdiction on its face, either through diversity jurisdiction or federal question jurisdiction.  Venue also does not lie in the District of Utah.  Therefore, the undersigned RECOMMENDS the District Judge dismiss Ms. Huot's Complaint without prejudice.

### **BACKGROUND**

On July 13, 2017, the Court granted Ms. Huot's request to proceed in forma pauperis in this matter.  (ECF No. 1.)  Ms. Huot's Complaint—entitled "Out of Date Complaint"—names the following institutions and individuals as Defendants: (1) Montana State Department of Child and Family Services; (2) Montana Supreme Court; (3) Deer Lodge County District Court of Montana; (4) Judge Ray Dayton; (5) Cal Boyal; (6) Cindy Johnson; (7) Deer Lodge Medical Center; (8) Wayne R. Martin, M.D.; (9)

---

[1] On July 17, 2017, District Judge Clark Waddopus referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 8.)

Susanne M. Clague; (10) Ben Krakowka; (11) Susan Day, Ph.D; (12) Dave Fenchak; (13) Mary Jo Fortner; and (14) Roger Fortner.  (Compl. 1–4, ECF No. 3.)  Ms. Huot alleges she and the Defendants are Montana citizens.  (Id. at 4.)  Ms. Huot also lists a Montana address as her address and identifies Montana addresses for most of the other Defendants.  (Id. at 1–4.)

Ms. Huot filed this case in over thirty other federal district courts.  The complaints in those cases list Montana addresses for all Defendants, but in this case, certain of the addresses in the Complaint appear redacted.  (Id. at 2, 4.)  However, the Court takes judicial notice of the complaints filed in these other district courts, including the otherwise identical "Out of Date Complaint" filed in the District of Colorado (Huot v. Montana State Dep't of Child & Family Servs., Case No. 1:17-cv-01683 (D. Colo. July 7, 2017)), which identifies Montana addresses for all Defendants.  See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court's "discretion to take judicial notice of publicly-filed records in . . . other courts" if the proceedings relate to case at hand); St. Louis Baptist Temple v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) (noting "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

While asserting that her lawsuit involves a "[f]ederal [q]uestion," (Compl. 4, ECF No. 3), Ms. Huot fails to identify a specific cause of action upon which she bases any or all of her claims.  (Id. at 5–11.)  Instead, the Complaint contains a list of key words identifying grievances she has against various individuals and institutions involved in her Montana court case without any explanation of or context for the grievance.  (Id. at

5-8.)  The Montana court case at issue resulted in the judicial termination of Ms. Huot's parental rights to the children identified in the Complaint as B.J.T.H. and B.H.T.H.  (Id. at 1, 5–7.)  Ms. Huot seeks reinstatement of her parental rights and monetary damages totaling hundreds of millions of dollars.  (Id. at 8–11.)  Ms. Huot also separately filed a Motion to Set Aside Adoption and Reinstatement of Full Parental Rights.  (ECF No. 6.)

The Court takes judicial notice of the Montana Supreme Court cases which reflect that the Montana district court terminated Ms. Huot's parental rights to B.J.T.H. and B.H.T.H. on September 12, 2012 and which affirmed that decision.  In re B.J.T.H. and B.H.T.H., 373 Mont. 85, 314 P.3d 911 (2013); In re B.J.T.H. and B.H.T.H., 378 Mont. 14, 340 P.3d 557 (2015); In re B.J.T.H. and B.H.T.H., 385 Mont. 540 (2016) (unpublished).

Furthermore, the caption of the Complaint and Cover Sheet indicate that Ms. Huot filed or attempted to file this Complaint in multiple federal district courts.  (See Compl. 1, ECF No. 3; ECF No. 3-1 ("UNITED STATES DISTRICT COURT(S) FOR THE DISTRICT OF COLUMBIA, AND ALL 50 STATES")).  A search on PACER Case Locator reveals that as of February 2018, Ms. Huot filed nearly identical complaints in more than thirty district courts.  See https://pcl.uscourts.gov/search (search under party name "Huot, Safron").  The only difference appears to be the redaction of several Defendants' addresses in the Complaint filed in this case.

## STANDARD OF REVIEW

While a district court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991), a pro se plaintiff must "'follow the same

rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, a pro se plaintiff still has the burden of establishing subject matter jurisdiction, McDonald v. Nationwide Title Clearing, Inc., 661 F. App'x 518, 520 (10th Cir. 2016) (unpublished), as well as "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  Furthermore, while the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840.

## DISCUSSION

### I.    SUBJECT MATTER JURISDICTION

The Court lacks subject matter jurisdiction over this case.  "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting  Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 513 (2006)).  "[A] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)

(quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).  Federal district courts "may only hear cases 'when empowered to do so by the Constitution and by an act of Congress.'"  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (quoting 16 James Wm. Moore, Moore's Fed. Practice § 108.04(2) (3d ed. 2003)).  Because federal courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden of proof." Penteco, 929 F.2d at 1521.  A party cannot forfeit or waive subject matter jurisdiction. Arbaugh, 546 U.S. at 514 (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

Subject matter jurisdiction arises through one of two ways.  First, Congress grants federal district courts diversity jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States.'"  Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, 578 U.S. —, 136 S. Ct. 1714 (2016) (quoting 28 U.S.C. § 1332).  Known as diversity jurisdiction, the United States Supreme Court interprets the statutory grant in § 1332 to require complete diversity among the parties.  See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967).  Second, Congress provides the federal district courts with federal question jurisdiction "over 'civil actions arising under the Constitution, laws, or treaties of the United States.'"  Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).

Ms. Huot fails to establish the Court's diversity jurisdiction.  Although Ms. Huot meets 28 U.S.C. § 1332's amount in controversy requirement, (see Compl. 8-11, ECF No. 3 (demanding hundreds of millions in damages)), she fails to meet the complete diversity requirement since Ms. Huot and all of the Defendants are Montana citizens.

Because Ms. Huot's Complaint fails to establish complete diversity between the parties, the Court lacks diversity jurisdiction.

In addition, despite alleging that federal question jurisdiction exists, Ms. Huot's Complaint fails to establish such jurisdiction.  The Complaint does not identify any federal laws or constitutional issues that would provide the Court with federal question jurisdiction.  The primary relief Ms. Huot seeks, both in her Complaint and her separately filed Motion (ECF No. 6), is the reinstatement of her parental rights.  Generally, a federal court cannot address the issue of parental rights.  See Ex parte Burrus, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); Vaughan v. Smithson, 883 F.2d 63, 64 (10th Cir. 1989) (stating that federal courts lack jurisdiction "to grant a divorce or annulment, determine support payments, or award custody of a child").

Furthermore, even if the Court construed Ms. Huot's Complaint as raising a federal question, the Rooker–Feldman doctrine bars Ms. Huot's claims.  "'The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.'" Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788–89 (10th Cir. 2008) (quoting Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007)).  "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under Rooker–Feldman." Id. at 789; see also Bolden v. City of Topeka, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The Rooker–Feldman doctrine prohibits federal suits that amount to appeals of

6

state-court judgments.").  Here, Ms. Huot effectively seeks to have this Court review the Montana Supreme Court's judgment affirming the trial court's termination of her parental rights.  The Rooker-Feldman doctrine plainly bars Ms. Huot's attempt to challenge the Montana court judgment terminating her parental rights through this action. Accordingly, the undersigned RECOMMENDS the District Judge dismiss Ms. Huot's Complaint without prejudice for lack of subject matter jurisdiction.

## II.    IMPROPER VENUE

The allegations of the Complaint also indicate that venue does not lie in the District of Utah.  The general federal venue statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is not proper, the court may cure the defect sua sponte pursuant to 28 U.S.C. § 1406(a).  See Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006).  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Ms. Huot alleges that she and the Defendants are Montana residents, and nothing indicates that any of the acts complained of occurred in the District of Utah.

7

Further, nothing indicates that any of the Defendants are subject to personal jurisdiction in this district.  Thus, venue does not lie in this district.  The Court should dismiss, as opposed to transfer, when transfer would be unnecessary and waste judicial resources.  Ms. Huot already has filed the same complaint in the District of Montana, which the court dismissed.  See Huot v. Montana State Dep't of Child & Family Servs., Case No. 2:17-cv-00045 (D. Mont. Jul. 12, 2017).  In addition, other district courts transferred Ms. Huot's case to the District of Montana,[2] which dismissed those cases, as well.[3] Moreover, given the Complaint's deficiencies described above, transfer to the District of Montana would not serve "the interest of justice."  Accordingly, the District Judge could dismiss Ms. Huot's Complaint for improper venue as well.

### RECOMMENDATION

The undersigned RECOMMENDS the District Judge dismiss Ms. Huot's Complaint without prejudice for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within

---

[2] See, e.g., Huot v. Montana State Dep't of Child & Family Servs., Case No. 1:17-cv-3608 (S.D. W. Va. Jul. 11, 2017); Huot v. Montana State Dep't of Child & Family Servs., Case No. 1:17−cv−01417 (D.D.C. Jul. 10, 2017); Huot v. Montana State Dep't of Child & Family Servs., Case No. 4:17−cv−01960 (E.D. Mo. Jul. 11, 2017).

[3] See Huot v. Montana State Dep't of Child & Family Servs., Case No. 2:17-cv-00061 (D. Mont. Aug. 24, 2017) (transferred from Southern District of West Virginia); Huot v. Montana State Dep't of Child & Family Servs., Case No. 2:17-cv-00069 (D. Mont. Sept. 14, 2017) (transferred from District of Columbia); Huot v. Montana State Dep't of Child and Family Servs., Case No. 2:17-cv-00046 (D. Mont. July 18, 2017) (transferred from Eastern District of Missouri).

fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 5th day of February, 2018.


BY THE COURT:


EVELYN J. FURSE
United States Magistrate Judge