IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAFRON HUOT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MONTANA STATE DEPARTMENT OF<br>CHILD AND FAMILY SERVICES et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:17-cv-773-CW<br><br>District Judge Clark Waddoups |

Plaintiff Safron Huot, proceeding *in forma pauperis* and pro se, brings this civil rights action against the Montana State Department of Child and Family Services and others, seeking "[t]he rights to [her] children." (Complaint, ECF No. 3.) This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 8. w) The matter is now before the court on a Report and Recommendation from Magistrate Judge Furse, dated February 5, 2018, in which she recommends that the action be dismissed without prejudice for lack of subject matter jurisdiction and because venue does not lie in the District of Utah. (ECF No. 9.) The Report and Recommendation is incorporated by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Twenty-four days have passed since Magistrate Judge Furse entered her recommendation, and it remains unopposed. *See* Fed. R. Civ. P. 72(b)(2) (permitting a party, within fourteen days of being served, to file written objections). Therefore, the court "may review [her] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991). Because Ms. Huot is proceeding pro se, the court must liberally construe her pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but it cannot advocate for her, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After careful review of the record, applying a de novo standard of review, the court AFFIRMS and ADOPTS Magistrate Judge Furse's recommendation that Ms. Huot's complaint be dismissed without prejudice. First, the Complaint alleges no facts that would support this court's exercise of jurisdiction. Rather, on the face of the Complaint, Ms. Huot fails to meet the complete diversity requirement or to identify a federal question upon which her claims are based. Second, the Complaint appears to challenge a state-court judgment and this court's exercise of jurisdiction over such a challenge would violate the *Rooker-Feldman* doctrine. Finally, the Complaint alleges no facts that indicate Utah is the proper venue for this action. Because the court lacks jurisdiction and because venue is improper, this action is DISMISSED without prejudice.

DATED this 5th day of March, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge